In re BANKS.

No. 4144.

District Court, N. D. Texas, Dallas Division.

Jan. 6, 1947.

228

Grover Sellers, Atty.Gen. of Texas, and William B. Henley, Jr., Asst. Atty. Gen., for the review.

William J. Fanning, of Sulphur Springs, Tex., and W. J. Holt, of Dallas, Tex., for the bankrupt.

Worsham, Harrell, Burrow & Worsham, of Dallas, Tex., for Miss Curtis, creditor.

ATWELL, District Judge. ·

The bankrupt was in the Used-Car business at Greenville, Texas, and made an arrangement to borrow funds for the purchase of used cars from Miss Curtis, such cars to be subject to a lien for such advancements and to occupy certain definite places on the bankrupt's lot. When a car was sold the proceeds, so far as applicable, were to be turned over to Miss Curtis. She recorded no lien of any sort. The certificates of ownership were turned over to her.

Approximately forty cars were sold by the bankrupt within four months preceding the filing of a voluntary petition, without proper returns and report having been made to the lender. The bankrupt issued, or caused to be issued, affidavits of the loss of certificates in accordance with the state statute, to such purchasers, and such purchasers sought to have the State Highway Department issue to them certificates showing ownership in accordance with such sales. At approximately that time the bankrupt filed a voluntary petition. The referee enjoined the Highway Department from issuing such certificates.

The Highway Department claims that a state statute requires it to issue such certificates to the purchasers upon presentment of an affidavit of the loss of the original and, otherwise, in accordance with the state statute and attacks the right of the referee to enjoin it from so proceeding, on the ground that the proceeding is, in reality, a suit against the state, when it has not consented thereto.

During the hearing it appeared that the Highway Department was shown the original certificates, which were held by Miss Curtis, and that it was thus demonstrated to such official that the certificates were not, in reality, lost, and that the duty which the Highway Department is to perform under this statute of registration and transfer, is largely ministerial rather than discretionary, though there is a sentence in the statute which provides that if it should later appear that a certificate is not lost the duplicate may be cancelled.

The plea of the state being overruled, this review has been asked.

The state statutes relating to these certificates of ownership, and transfer of motor vehicles are quite important and carefully particularized, for the purpose of making the owner's certificate valuable in law enforcement, police regulation, and theft prevention. Arts. 1434 and 1435, Penal Code; Arts. 6684, 6685 and 6686, Civil Statutes, Vernon's 1936 Edition. The universality with which this method of locomotion and movement of freight and person is indulged, emphasizes the importance of these provisions. In addition to public policy, as evidenced in both Penal Code and Civil Statutes, is the fact that failure to comply subjects the one so failing to criminal penalties.

That the compliance by the Highway Department, in this particular instance, would and does result in loss to the lender, Miss Curtis, is not a sufficient reason to command the Highway Department not to comply with the statute.

If Miss Curtis has lost her securities through the fraud of the one she dealt with, her remedy is to pursue the car and proceed against the person who caused that loss, either civilly, or criminally. She merely dealt with the wrong person. Nor did she protect herself by the registration of her lien.

I am persuaded that the referee committed error when he restrained the Highway

Department from complying with the statute concerning such motor carrier certificates and his action, in that respect, is set aside.